**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-1728

PHILIP A. DUR,

Plaintiff - Appellant,

versus

WESTERN BRANCH DIESEL, INCORPORATED,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Gerald Bruce Lee, District Judge. (1:05-cv-01306-GBL)

Argued: May 24, 2007                    Decided: July 9, 2007

Before NIEMEYER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ARGUED:** John F. O'Connor, Jr., STEPTOE & JOHNSON, L.L.P., Washington, D.C., for Appellant. Thomas Saunders Berkley, VANDEVENTER & BLACK, L.L.P., Norfolk, Virginia, for Appellee. **ON BRIEF:** Frank H. Griffin, IV, STEPTOE & JOHNSON, L.L.P., Washington, D.C., for Appellant. Edward J. Powers, VANDEVENTER & BLACK, L.L.P., Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This is a negligence action under Virginia substantive law. The district court granted summary judgment in favor of the defendant. The plaintiff has appealed. We affirm.

I.

This negligence action stems from an electrical fire on board a boat. Philip Dur (Plaintiff), a retired Rear Admiral in the United States Navy, owned the boat at the time of the fire. Plaintiff had purchased the boat, named the "DeGrasse," from the Navy in 1998. The DeGrasse, which Plaintiff has described as an old admiral's launch, had been assigned to Plaintiff when he was on active duty. Following Plaintiff's retirement, the Navy decommissioned, stripped, and sold the DeGrasse "as is" to Plaintiff. (J.A. 34). Plaintiff subsequently contracted with Moon Engineering (General Contractor) in Norfolk, Virginia, to perform "a hull, mechanics and electronics retro fit" on the DeGrasse in order that Plaintiff could use the DeGrasse as a personal watercraft. Id. Throughout this opinion, we refer to this contract as "the Retrofit Contract."

Upon what General Contractor and Plaintiff believed to be the completion of the retrofitting work on the DeGrasse, Plaintiff successfully piloted the DeGrasse from Norfolk to Alexandria, Virginia. During the voyage, Plaintiff noticed that the DeGrasse's

- 2 -

tachometer had stopped working. Upon arriving in Alexandria, Plaintiff also noticed that a fan belt running between the alternator and the flywheel on the DeGrasse's starboard engine was missing, and that there was "melted wiring leading from the amp meter, to the starter and then to the battery switch." (J.A. 34). Plaintiff then contacted General Contractor and "demanded changes." Id. See also (J.A. 24-25, Plaintiff's Opposition to Defendant's Motion For Summary Judgment) ("When Admiral Dur observed that additional electrical work needed to be completed, he contacted Moon Engineering to insist that the work be done.").

General Contractor "agreed to ensure that the DeGrasse's electrical system was repaired" and subcontracted with Western Branch Diesel, Inc. (Subcontractor) to perform the repair work in Alexandria. (Plaintiff's Opening Br. at 4). Plaintiff admits that he never had a written contract with Subcontractor, nor does Plaintiff allege that he ever had an oral contract with Subcontractor.

Subcontractor performed work on the DeGrasse's electrical system on September 27-28, 2001. On October 1, 2001, while still in the custody of Subcontractor in Alexandria, the DeGrasse caught fire and suffered what Plaintiff describes in his complaint in the present negligence action as "significant damage." (J.A. 6). The fire caused no personal injuries. The record contains no details regarding the actual damage the DeGrasse suffered in the fire.

- 3 -

On November 15, 2005, Plaintiff filed the present diversity action in the United States District Court for the Eastern District of Virginia against Subcontractor, alleging that Subcontractor's negligence had caused the fire aboard the DeGrasse. Among the allegations of negligent conduct, Plaintiff alleged that Subcontractor had been negligent by, inter alia, "failing to properly service, repair and/or alter the electrical system in the DeGrasse" and "failing to complete the work, and by allowing the boat's electrical system to remain in a dangerous condition." (J.A. 7). The complaint demanded judgment against Subcontractor "in an amount no less than $200,000, together with interest and the cost of this action, and such other and further relief as this Court deems just and proper." (J.A. 8).

Subcontractor moved for summary judgment. In moving for summary judgment, Subcontractor argued that because it performed its work aboard the DeGrasse pursuant to contract, Plaintiff could not pursue a negligence claim against it without demonstrating a separate common-law duty of care. In response, Plaintiff argued that, contrary to Subcontractor's argument, contractors owe a common-law duty of care, separate and apart from their contractual duties, to use ordinary skill and care not to create a hazardous condition that could physically injure persons or damage property. Moreover, relevant to one of the issues on appeal, Plaintiff's written opposition to Subcontractor's motion for summary judgment

included the following footnote regarding third-party beneficiary status:

> ²It is possible that Admiral Dur is a third-party beneficiary under the contractual relationship between [Subcontractor] and [General Contractor]. However, because a common-law duty of care exists even for those who are actually contracting parties, the Court need not resolve this issue. Moreover, [Subcontractor] has not alleged in its motion that [Plaintiff] is a third-party beneficiary or argued that such status would have any relevance to its motion.

(J.A. 30). In its summary judgment reply brief, Subcontractor responded that Plaintiff's negligence claim against it failed because the record contained no evidence that the DeGrasse had suffered damage caused by the fire beyond the subject of the Retrofit Contract. In support of this argument, Subcontractor cited and relied upon <u>Sensenbrenner v. Rust, Orling & Neale, Architects, Inc.</u>, 374 S.E.2d 55, 58 (Va. 1988).

The summary judgment record only consists of: (1) Plaintiff's complaint; (2) Subcontractor's answer; (3) an affidavit by John Beavers, service manager for Subcontractor, to the effect that Subcontractor only worked on the DeGrasse "because of a contract to perform repairs and service of the vessel's electrical system," (J.A. 22); (4) Plaintiff's admission, pursuant to a request to admit, that no written contract existed between him and Subcontractor; (5) the "INTERVIEW SUPPLEMENT" prepared by an investigator of the Alexandria Fire Department detailing his post-

fire interview with Plaintiff, (J.A. 34-36); and (6) Subcontractor's work records concerning the DeGrasse.

The district court granted summary judgment in favor of Subcontractor. Plaintiff noted the present timely appeal.

## II.

The sole cause of action in this case is Plaintiff's negligence cause of action against Subcontractor under Virginia substantive law. In order to sustain a cause of action based on negligence under Virginia law, a plaintiff must establish "the existence of a legal duty, a breach of the duty, and proximate causation resulting in damages." Atrium Unit Owners Ass'n v. King, 585 S.E.2d 545, 548 (Va. 2003). The primary issue presented in this appeal is whether there is a legal duty in tort owed by the Subcontractor to Plaintiff. The determination of whether Subcontractor owed Plaintiff a legal duty in the context of the electrical work Subcontractor performed on the DeGrasse in its role as a subcontractor is a pure question of law. Burns v. Johnson, 458 S.E.2d 448, 451 (Va. 1995) ("The question whether a duty of care exists in a negligence action is a pure question of law.").

We review the grant of summary judgment de novo. Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). A motion for summary judgment may be granted if "there is no genuine issue as to any material fact and . . . the moving party is

entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In reviewing a district court's grant of summary judgment, we must construe the facts in the light most favorable to the non-moving party; here, Plaintiff. Smith v. Virginia Commonwealth Univ., 84 F.3d 672, 675 (4th Cir. 1996) (en banc).

In granting summary judgment in favor of Subcontractor, the district court primarily relied upon Sensenbrenner v. Rust, Orling & Neale, Architects, Inc., 374 S.E.2d 55 (Va. 1988). In Sensenbrenner, the plaintiffs contracted with a builder for construction of a house and installation of an enclosed swimming pool. Id. at 56. The builder in turn entered into a subcontract with an architectural firm to design the home, the pool, and its enclosure. Id. After the architectural firm had furnished the requisite plans, the builder entered into a subcontract with a swimming pool contractor for construction of the swimming pool. Id. Various components of the swimming pool proved to be defective, causing damage to the swimming pool itself and to the plaintiffs' house. Id.

The plaintiffs sued the architectural firm and the swimming pool subcontractor for negligence. The Sensenbrenner court held that the plaintiffs could not sustain a negligence cause of action against the architectural firm nor the swimming pool subcontractor, reasoning:

> The plaintiffs here allege nothing more than disappointed economic expectations. They contracted with

a builder for the purchase of a package. The package included land, design services, and construction of a dwelling. The package also included a foundation for the dwelling, a pool, and a pool enclosure. The package is alleged to have been defective--one or more of its component parts was sufficiently substandard as to cause damage to other parts. The effect of the failure of the substandard parts to meet the bargained-for level of quality was to cause a diminution in the value of the whole, measured by the cost of repair. This is a purely economic loss, for which the law of contracts provides the sole remedy.

Id. at 58. Sensenbrenner squarely applies the economic loss rule, which rule provides that a cause of action in which only economic damages are sought (i.e., the benefit of a contractual bargain) can only be maintained against a party with whom the plaintiff has privity of contract. Id. The Sensenbrenner court also reiterated that Virginia Code § 8.01-223, "which abolishes the lack-of-privity defense in actions for the recovery of damages to persons or property resulting from negligence," has "no application to claims for purely economic losses." Id. at 56-57. Accordingly, Virginia Code § 8.01-223 offered no aid to the plaintiffs in Sensenbrenner.

In the present case, the district court applied Sensenbrenner as follows:

The facts here are very similar to those in Sensenbrenner. [Plaintiff] contracted with [General Contractor] to perform electrical work on his boat. (Pl.' Opp., at 2). Like the contractor in Sensenbrenner, [General Contractor] in turn hired a subcontractor, [Subcontractor], to perform the contracted services. In performing its duties, [Subcontractor] destroyed [Plaintiff's] boat. As the Court stressed in Sensenbrenner, the sole area of law available to the Plaintiff here is contract law because the damage caused to Plaintiff's property was solely the property subject

- 8 -

to the contract and the losses were purely economic. As Plaintiff's complaint states, "[Plaintiff] contracted for repairs, service, replacement and alterations of the electrical system" for his boat. (Pl.'s Complaint, at 2.) It was precisely these activities that gave rise to the damages to Plaintiff's boat. And the damages that Plaintiff suffered were exclusively to the boat. Plaintiff does not allege that any other injury to persons or property not contemplated by the contract in fact occurred.

The Court holds that Plaintiff may only recover under contract law because Plaintiff's losses were within the contemplation of the contract to repair his boat and did not cause injury to persons or property beyond the contemplation of the agreement.

(J.A. 55-56).

We agree with the district court that <u>Sensenbrenner</u> forecloses Plaintiff's negligence cause of action against Subcontractor. Viewing the evidence in the light most favorable to Plaintiff, the record only supports the conclusion that the work performed by Subcontractor on the DeGrasse's electrical system was performed to fulfill General Contractor's obligations under the Retrofit Contract. The General Contractor did not initially fulfill its obligation under the Retrofit Contract to provide the DeGrasse with a properly working electrical system, and therefore, General Contractor subcontracted with Subcontractor to fulfill that obligation once it became clear that further repair was needed. Therefore, the damage to the DeGrasse caused by the fire fell within the scope of the contractual package, and thus, amounted to nothing more than economic loss for which the law of contracts provides Plaintiff the sole remedy.

Moreover, the record is completely absent of any evidence that the DeGrasse suffered damage beyond the scope of the Retrofit Contract. As such, Virginia Code § 8.01-223 has no application here. In Plaintiff's own words to the investigator of the Alexandria Fire Department, Plaintiff purchased the DeGrasse "as is" in "stripped" condition and subsequently contracted with General Contractor to perform a "hull, mechanics and electronics retro fit." (J.A. 34). The record contains insufficient evidence (in fact no evidence) for a reasonable jury to find that the original, stripped portion of the DeGrasse suffered damage during the fire.[1] In conclusion, we hold the district court properly granted summary judgment in favor of Subcontractor with respect to Plaintiff's negligence claim.

---

[1]Plaintiff argues that he should be excused from his failure of proof on this point by claiming that he did not have an opportunity to put in evidence regarding damages because Subcontractor raised the economic loss rule from Sensenbrenner for the first time in its reply brief to his opposition brief to Subcontractor's motion for summary judgment. We reject Plaintiff's argument. First, in the face of a properly supported motion for summary judgment, as was the case here, Plaintiff was obligated to come forward with any and all such evidence to support his negligence cause of action. See Fed. R. Civ. P. 56(e). Second, Subcontractor's initial Memorandum in Support of its Motion for Summary Judgment contained sufficient legal argument regarding Subcontractor's lack of a legal duty owed to Plaintiff to put Plaintiff on notice that it should have come forward with any evidence it had showing that the original, stripped portion of the DeGrasse suffered damage during the fire.

III.

Lastly, Plaintiff argues that the district court erred in granting summary judgment to Subcontractor based upon a lack of privity of contract between him and Subcontractor without addressing whether Plaintiff was a third-party beneficiary of the contract between General Contractor and Subcontractor. Va. Code § 55-22 ("[I]f a covenant or promise be made for the benefit, in whole or in part, of a person with whom it is not made . . . such person . . . may maintain in his own name any action thereon which he might maintain in case it had been made with him only and the consideration had moved from him to the party making such covenant or promise.").

Plaintiff's argument is without merit. First, assuming arguendo the district court erred in failing to address whether Plaintiff was a third-party beneficiary of the contract between General Contractor and Subcontractor, Plaintiff invited the error by telling the district court: "the Court need not resolve this issue." (J.A. 30). See United States v. Jackson, 124 F.3d 607, 617 (4th Cir. 1997) (According to the invited error doctrine, "'a court cannot be asked by counsel to take a step in a case and later be convicted of error, because it has complied with such request.'"). Second, Plaintiff's failure to make the argument below that he now makes on appeal with regard to third-party beneficiary status constitutes a waiver of the issue, subject only

to plain error review.  See In re: Celotex Corp., 124 F.3d 619, 630-31 (4th Cir. 1997) (adopting plain error standard of review used in criminal cases, as set forth in United States v. Olano, 507 U.S. 725 (1993), for application in civil cases).[2]  Although, in the final footnote of his written response to Subcontractor's motion for summary judgment, Plaintiff mentioned the mere possibility that he is a third-party beneficiary to the contract between General Contractor and Subcontractor, he presented absolutely no argument on the matter.

Assuming arguendo that Plaintiff could satisfy the first three prongs of Olano's plain error test, he certainly cannot satisfy the final miscarriage of justice prong.  There simply can be no miscarriage of justice in our refusing to vacate and remand this case for the district court to consider a third-party beneficiary theory when not only did Plaintiff never move to amend his complaint to allege a cause of action based upon a third-party beneficiary theory, but Plaintiff was so confident in his primary theory of recovery that he expressly told the district court not to consider a third-party beneficiary theory.

---

[2]Under Olano's plain error test, we may only exercise our discretion to correct a forfeited error, if we: (1) find error; (2) find the error is plain; (3) find the error affects the substantial rights of the party or parties alleging the error; and (4) after examining the particulars of the case, find the error seriously affects the fairness, integrity or public reputation of judicial proceedings.  Id. at 731.

IV.

For the foregoing reasons, we hold the district court did not commit reversible error in granting Subcontractor's motion for summary judgment.  Accordingly, we affirm.

AFFIRMED